IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| MOISES MIRANDA MIRANDA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:26-cv-01368 (RDA/IDD) |
| TODD M. LYONS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

This matter comes before the Court on Petitioner Moises Miranda Miranda's ("Petitioner") Renewed Petition for Writ of Habeas Corpus (Dkt. 1) seeking release from Immigration and Customs Enforcement ("ICE") custody.  This matter has been fully briefed, and this Court has dispensed with oral argument as it would not aid in the decisional process.  Fed. R. Civ. P. 78(b); Local Civil Rule 7(J).  For the reasons set forth below, the Court DENIES the Petition.

## I.  BACKGROUND

Petitioner is currently being detained at the Farmville Detention Center in Farmville, Virginia. Dkt. 1 at 2.  Petitioner is a native and citizen of El Salvador. *Id.* at 4.

On March 6, 2006, Petitioner was encountered by U.S. Border Patrol near the Brownsville, Texas Port of Entry. Dkt. 4-1 at 2 ¶ 6.  Petitioner was served with a Notice to Appear charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General.  *Id.*  Petitioner denies having received any notice of an immigration court hearing at his address. Dkt. 1 at 11 ¶ 45.

On May 9, 2006, Petitioner was scheduled for a hearing before an Immigration Judge, failed to appear, and was ordered removed in absentia. Dkt. 4-1 at 2 ¶ 7; Dkt. 4-2.

On May 3, 2026, Petitioner was arrested by D.C. Metropolitan Police Department for Simple Assault under § 22-404 of the D.C. Criminal Code. Dkt. 4-1 at 2 ¶ 8. An Immigration Detainer was placed, and Petitioner was subsequently served with Form I-205, Warrant of Removal/Deportation. *Id.* On May 4, 2026, Petitioner was taken into civil immigration custody after being released from criminal custody. *Id.* ¶ 9.

Petitioner has a pending motion to reopen his final order of removal premised on his alleged lack of notice. Dkt. 1 at 11 ¶ 45.

On May 22, 2026, Petitioner filed his Petition. Dkt. 1. On May 26, 2026, the Court issued its briefing schedule. Dkt. 2. On May 29, 2026, Respondents filed an Opposition. Dkt. 4. On May 29, 2026, Petitioner filed his Reply. Dkt. 5.

## II.  LEGAL STANDARD

"A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.'" *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts and dispose of the matter as law and justice require." 28 U.S.C. § 2243. "[T]he heart of habeas corpus," the Supreme Court has noted, is to allow a detainee to "challeng[e] the fact or duration of his physical confinement," and to "seek[] immediate release or a speedier release from that confinement." *Preiswer v. Rodriguez*, 411 U.S. 475, 498 (1973).

## III.  DISCUSSION

In the Petition, Petitioner argues that he is being unconstitutionally detained pursuant to 8 U.S.C. § 1225 and that he should be detained pursuant to 8 U.S.C. § 1226, with an opportunity for bond. Dkt. 1 at 11-13 ¶¶ 51-61. Petitioner is incorrect with respect to the framework that

2

applies here. Petitioner's in absentia removal order is, by statute, a final order of removal. *See* 8 U.S.C. § 1229a(b)(5); *Matter of Guzman*, 22 I. & N. Dec. 722, 722-23 (BIA 1999). That Petitioner filed a motion to reopen proceedings does not alter this Court's analysis. *See* 8 C.F.R. § 241.4 (explaining that a noncitizen "who has filed a motion to reopen immigration proceedings for consideration of relief from removal . . . shall remain subject to the provisions of this section unless the motion to reopen is granted"). Thus, Petitioner is detained pursuant to 8 U.S.C. § 1231 pursuant to a final order of removal.

8 U.S.C. §1231(a) requires the Government to detain noncitizens during the "removal period," which is defined as the 90-day period during which "the Attorney General shall remove the alien from the United States." 8 U.S.C. §1231(a)(1)(A). That period commences upon one of three occasions: "(i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. §1231(a)(1)(B). Detention after the end of the removal period is governed by 8 U.S.C. § 1231(a)(6), which states that inadmissible aliens "may be detained beyond the removal period and, if released, shall be subject to [certain] terms of supervision."

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court determined that indefinite detention under 8 U.S.C. § 1231 would raise "serious constitutional concerns" and construed the statute to contain "an implicit 'reasonable time' limitation, which is subject to federal-court review." *Id.* at 682. The Supreme Court also found that there was a "presumption" that detention for six months was reasonable and that, "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable

3

future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Here, Petitioner initially argues that he "challenges the constitutionality of his continued detention without an individualized hearing at which the Government bears the burden of justifying confinement." Dkt. 5 at 1. But, here, Petitioner has been detained since May 4, 2026, and, thus, is within the statutory period mandating detention. Dkt. 4-1 ¶ 9; 8 U.S.C. § 1231. The Supreme Court has blessed this statutory period and longer in *Zadvydas* and found that a period of detention without bond for six months is presumptively reasonable. 533 U.S. at 701. As the Fourth Circuit has recognized, "the *Zadvydas* standard *is* due process"[1] such that "a § 1231 detainee who fails the *Zadvydas* test fails to prove a due process violation." *Casteneda v. Perry*, 95 F.4th 750, 760 (4th Cir. 2024) (emphasis in original). Petitioner is well short of both the statutory and the presumptively reasonable *Zadvydas* period and has not rebutted the presumption of reasonably foreseeable removal within that period. *See Casteneda*, 95 F.4th at 758 (finding that "[t]he absence of a date certain—imminent or not—for the conclusion of those proceedings is of no moment"). Therefore, this initial challenge fails.

Petitioner next attempts to argue his motion to reopen—filed in immigration court—in *this* habeas case. Dkt. 5 at 1-2 ("Under these circumstances, the Government's reliance on the existence of a multiple decades-old removal order does not resolve the constitutional question presented."). But this issue was not raised in the Petition and, thus, Respondents did not have an opportunity to respond. Moreover, it is not clear that this Court has jurisdiction to consider such an argument. *See* 8 U.S.C. § 1252(a)(5) (providing that "a petition for review filed with an appropriate court of

---

[1] Because "the *Zadvydas* standard is due process," *Casteneda*, 95 F.4th at 760, the Court does not separately analyze Petitioner's due process arguments under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

appeals in accordance with this section shall be *the sole and exclusive means for judicial review of an order of removal* entered or issued under any provision of this chapter" (emphasis added)). Accordingly, Petitioner has failed to carry his burden to establish an entitlement to habeas relief.

## IV.  CONCLUSION

For all of the reasons above, the Petition (Dkt. 1) is DENIED.

The Clerk of the Court is directed to provide this Order to all counsel of record and to place this matter among the ended causes.

It is SO ORDERED.

Alexandria, Virginia
June __2__, 2026

/s/
_____
Rossie D. Alston, Jr.
United States District Judge

5